W. J. STEVENSON v. HENRY FOX, EXR., ET AL.

ERROR TO THE COURT OF COMMON PLEAS NO 3 OF PHILADELPHIA COUNTY.

Argued April 8, 1889—Decided April 22, 1889.

If a bequest be made to a person, absolute in the first instance, and it is provided that in the event of death, or death without issue, another legatee or legatees shall be substituted to the share or legacy thus given, it shall be construed to mean death, or death without issue, before the testator: the first taker, in such case, is always the first object of the testator's bounty, and his absolute estate is not to be cut down to an estate for life.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 70 January Term 1889, Sup. Ct.; court below, No. 191 March Term 1886, C. P. No. 3.

On February 26, 1886, William J. Stevenson began an action of ejectment against Henry K. Fox, executor of Joseph B. Stevenson, deceased, and Joseph S. Robinson, Frank Slater and Joseph Wright, terre-tenants. The plea was, not guilty.

On the trial before FINLETTER, P. J., October 19, 1887, the jury found a verdict for the plaintiff, subject to a question of law reserved, arising upon the facts stated as follows:

Ann Stevenson in her lifetime was seised in fee simple of the premises, to recover the possession of which the present action has been brought. The defendants are now, and were at the time of the service of the writ of ejectment, in possession of the said premises.

Being so seised, the said Ann Stevenson departed this life, February, 1877, being then a widow, and leaving surviving her, inter alios, two sons, Joseph B. Stevenson and William John Stevenson. By her last will and testament, dated April 7, 1870, and duly proved February 9, 1877, she provided, inter alia, as follows:

"Item. I give and bequeath to my son Joseph Stevenson the property on Howard street and extending back to Waterloo street, which property is now recorded in my name, and which has been given and bequeathed by my beloved husband William Stevenson, with my consent; and it is my will and I do so direct and bequeath the same said property to my son Joseph Stevenson to his heirs and assigns forever. Should my said son Joseph Stevenson depart this life without leaving lawful issue to survive him, it is my will and I so direct that said property as would have fallen to my deceased son, I direct that it shall be given to my son William John Stevenson, provided that the lawful issue of such deceased son shall be entitled to such property."

The will of William Stevenson, also dated April 7, 1870, and proved March 8, 1871, which is referred to in the above devise, provides for a life estate in his widow, Ann Stevenson, and directs that at the time of her death, "My real estate shall

be divided between my two sons William John Stevenson and Joseph Stevenson as follows, viz.:

"Item. I give and bequeath to my son, William John Stevenson, the property on Bodine street, No. 2012, and to his heirs and assigns forever.

"Item. I give and bequeath unto my son Joseph Stevenson, the property on Howard street, and extending back to Waterloo street, to his heirs and assigns forever, which last-named property being now recorded in the name of my wife, Ann Stevenson. Should either of my two sons depart this life without leaving lawful issue to survive them, it is my will and I do so direct that such portion as would have fallen to such deceased son, I direct that it shall be given to my surviving son, provided that the lawful issue of such deceased son shall be entitled to such portion of my estate herein bequeathed to such deceased parent."

Ann Stevenson survived her husband and both sons survived their parents. William John Stevenson is still living, and Joseph B. Stevenson died December 23, 1884, testate, unmarried and without issue. The former is the plaintiff in the present action, and the property on Howard street, devised in the said wills, is the premises here sued for by him.

The question of law reserved for the consideration of the court in banc is, whether, the facts being as stated above, the title to the premises in question became vested in William John Stevenson upon the death of his brother Joseph.

Upon the question reserved, the court in banc, by REED, J., rendered the following decision:

The rule of property applicable to the present case is still in force in Pennsylvania in all its ancient strictness. The relaxation made in England has not been adopted by the courts of this state, and until the legislature changes the law, it must be presumed that in all devises and bequests of the character of these which appear in the wills of William and Ann Stevenson, viz.: a devise to A in fee, followed by a proviso that if A should die without leaving issue surviving him, then to B, the testator meant the death of A within the period of the testator's own life, with the result that A surviving the testator takes a fee without any other condition or limitation, and

that B takes nothing. If it is thought that no such intention can with good sense be imputed to the testator, then the law must by statute be brought into closer conformity with the facts of life. The latest authorities, Mickley's App., 92 Pa. 514, and Fitzwater's App., 94 Pa. 141, are in our opinion conclusive of the question before us.

Judgment on the question reserved was accordingly entered for the defendants, whereupon the plaintiff took this writ, alleging that the court erred in so entering judgment.

*Mr. James C. Sellers* (with him *Mr. Charles L. Bourguignon*), for the plaintiff in error.

*Mr. Henry C. Thompson*, for the defendants in error.

PER CURIAM:

This case is ruled by Mickley's App., 92 Pa. 514, and Fitzwater's App., 94 Pa. 141, where it was held that if a bequest be made to a person absolute in the first instance, and it is provided that in the event of death, or death without issue, another legatee or legatees shall be substituted to the share or legacy thus given, it shall be construed to mean death, or death without issue, before the testator. The first taker is always the first object of the testator's bounty, and his absolute estate is not to be cut down to an estate for life. An examination of the will of Ann Stevenson shows that the application of this rule will carry out the manifest intent of the testator. She devises the property in controversy " to my son Joseph Stevenson, to his heirs and assigns forever. Should my said son Joseph Stevenson depart this life without leaving lawful issue to survive him, it is my will, and I so direct that said property as would have fallen to my deceased son, I direct that it shall be given to my son William John Stevenson, provided that the lawful issue of such deceased son shall be entitled to such property." It is plain that her son Joseph, the first taker, was the first object of her bounty. She gives him an estate in fee, but, if he should die before her without issue, then the share which Joseph would have taken had he lived, is to go to her son

William John Stevenson. There is nothing here upon which to hang even a doubt.

Judgment affirmed.

