S. Duffield Mitchell, Admr., *v.* Pittsburg, Fort Wayne & Chicago Ry. and the Penna. Co.

*Will—Devise—Preamble of will.*

Where a testator who died prior to the wills act of 1833, stated in the preamble of his will that he was desirous of making a distribution of his property, and then in the body of the will devised land without words of inheritance, the devisee takes an estate in fee.

In such a case the introductory words are carried down into the corpus of the will to show that the testator meant to dispose of his whole interest in the particular devise.

Testator gave certain city lots to Amanda Stephens. He further directed as fcllows: "In the event of Amanda dying unmarried, or, if married, dying without offspring by her husband, then these lots are to be sold and the proceeds to be divided equally amongst the heirs of John Barber, of Columbia, Penna." *Held*, (1) that the word "offspring" is synonymous with "issue;" (2) that the testator contemplated a definite failure of issue at his own death; and (3) that Amanda took a fee.

In the above case the suggestion that because Amanda was only five years old at the date of the will, testator could not have had in contemplation the contingency of her marriage and death without issue in his lifetime, is without merit.

Argued Nov. 6, 1894.   Appeal, No. 257, Oct. T., 1894, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., April T., 1893, No. 687, for defendant, non obstante veredicto.   Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Ejectment.   Before EWING, P. J.

From the special verdict it appeared that James S. Stevenson, who was originally seized of the land in controversy, died on Oct. 16, 1831, aged fifty-one years, leaving a will which was in part as follows:

" I, James S. Stevenson, of the city of Pittsburg, in the state of Pennsylvania, aged fifty years on the twelfth day of January, 1831, reflecting on the certainty of death and desirous of making a distribution of my property in the event of my decease, do hereby declare this writing to be my last will and testament, made this twelfth day of March, in the year of our Lord one thousand eight hundred and thirty-one.

" I give and bequeath to Amanda Stephens, daughter of Margaret Stephens, lots 67, 68, 69 and 70 in the city of Pittsburg, in their full extent, bounded, etc. . . . (description includes the property in suit in this case.)   Said Amanda Stephens is now five years old (born April 7th, 1826).   ———— Stephens and ———— his wife, the parents of Amanda's mother, live near Connellsville, in Fayette county, Pa.

" In the event of Amanda dying unmarried, or, if married, dying without offspring by her husband, then these lots are to be sold and the proceeds to be divided equally amongst the heirs of John Barber, of Columbia, Penna."

John Barber was named as one of the executors.

The will proceeds thereafter to make other devises and bequests specifically, and contains a provision that all his remaining property shall be sold and the proceeds be divided amongst legatees named.

The special verdict finds that Amanda Stephens married Samuel Haight and had offspring by her husband, five children,

one of whom married, but all of whom died before their mother without leaving offspring; that Samuel Haight died before his wife, Amanda, who died Sept. 28, 1891; also that if the will created an estate tail in Amanda Stephens, the entail was duly barred by deed, dated July 27, 1848, and proceedings thereon; and that by sundry mesne conveyances the title of Amanda Stephens freed from the entail became vested in defendants.

The court entered judgment for defendants, non obstante veredicto, in an opinion by EWING, P. J.

*Error assigned* was entry of judgment, quoting it.

*S. Duffield Mitchell, John S. Ferguson* and *William T. Barber* with him, for appellant.—The devise is first to Amanda in fee, with the restriction if she die " unmarried," then over to living persons. This reduced the fee simple to a defeasible fee, and at Amanda's death unmarried the executory devise would become effective: Jessup v. Smuck, 16 Pa. 327; Griffith v. Woodward, 1 Yeates, 316.

At the death of Stevenson the interest under the will vested in the Barber children, dependent upon the contingency of Amanda's death without children; and these interests were transmissible: Chess's Ap., 87 Pa. 362.

The devise to Amanda is first in fee: Morrison v. Semple, 6 Binn. 94; Schriver v. Meyer, 19 Pa. 87; Walker v. Walker, 28 Pa. 40; Geyer v. Wentzel, 68 Pa. 84; Nesbit v. Clarke, 1 Penny. 487; McIntyre v. McIntyre, 123 Pa. 329.

The limitation over is an executory devise: Richardson v. Noyes, 2 Mass. 56; Anderson's L. Dict.; 2 Bl. Com. 115; Lister v. Tidd, 29 Beav. 618; Allen v. Markle, 36 Pa. 117; Thompson v. Beasley, 3 Drew. 7; Hill v. Hill, 74 Pa. 176; Keily v. Fowler, Fearne's Ex. Dev. 236; Smith's Ex. Int. 249, 255; Powell v. Board, 49 Pa. 54; Taylor v. Taylor, 63 Pa. 484.

Courts favor restricting the failure of issue to the death of the first devisee: Seibert v. Butz, 9 Watts, 490; Miller's Est., 145 Pa. 561; Eby v. Eby, 5 Pa. 463; Pells v. Brown, Cro. Jac. 590; Hauer v. Shitz, 3 Yeates, 221; Langley v. Heald, 7 W. & S. 98; Porter v. Bradley, 3 T. R. 143; Braden v. Cannon, 24 Pa. 172; Nicholson v. Bettle, 57 Pa. 387; Nes v. Ramsay, 155 Pa. 634; Roe v. Jeffery, 7 D. & E. 589; Glover v.

Monckton, 3 Bing. 13; O'Mahoney v. Burdett, L. R. 7 H. L. 388; Berg v. Anderson, 72 Pa. 87; Taylor v. Taylor, 63 Pa. 481; Hill v. Hill, 74 Pa. 173; De Haas v. Bunn, 2 Pa. 335; Richle's Ap., 54 Pa. 97; Shalters v. Ladd, 141 Pa. 349; Parkhurst v. Harrower, 142 Pa. 432; O'Rourke v. Sherwin, 156 Pa. 285; Gormley's Est., 154 Pa. 378.

The words "in the event of," restrict the failure to the death of Amanda: 3 Jarm., 5th Am. ed. 1881, 707; Ridgeway v. Munkittrick, 1 D. &. War. 84; Peel v. Catlow, 9 Sim. 372; Cleavering v. Ellison, 3 Drew. 451; Ingersoll's Appeal, 86 Pa. 240. "Then" used as an adverb of time, means at the time of Amanda's death: Langley v. Heald, 7 W. & S. 96; 2 Jarm. 5th Am. ed. 1881, 683; Hauer v. Shitz, 3 Yeates, 243; Deihl v. King, 6 S. & R. 31; Pinbury v. Elkin, 1 P. Wms. 563; Snyder's Ap., 95 Pa. 181; Miller's Est., 145 Pa. 561; Gormley's Est., 154 Pa. 378.

Combining death without offspring with the event of Amanda's death unmarried, restricts the failure to her death: Smith's Ex. Int. 347; 3 Jarm., 5th Am. ed. 1881, 309; 2 L. Cas. R. Prop. 50; Johnson v. Johnson, 8 W. H. & G. 81.

The direction to the executors to sell imports a definite failure: Lloyd v. Taylor, 2 Dal. 223; Silverthorn v. McKinster, 12 Pa. 67; Taylor v. Taylor, 63 Pa. 481; Middleswarth v. Blackmore, 74 Pa. 414; Blackmore v. Hickman, 81* Pa. 292; Snyder's Ap., 95 Pa. 181; Chisholm's Case, 17 Gr. Ch., U. C. 403; Smith's Ex. Int. §§ 530, 560.

The devise over to living persons imports a definite failure: Taylor v. Taylor, 63 Pa. 485; Fahrney v. Holsinger, 65 Pa. 392; Middleswarth v. Blackmore, 74 Pa. 420; Loveday v. Hopkins, Amb. 273; Roberts v. Edwards, 33 Beav. 259; Bull v. Cumberbach, 25 Beav. 540; Stambaugh's Est., 135 Pa. 585; Eby v. Eby, 5 Pa. 461; Miller's Est., 145 Pa. 561; Blackmore v. Hickman, 81* Pa. 292.

*William Scott, George B. Gordon, D. T. Watson* and *Johns McCleave*, for appellees, not heard.—The word offspring, in its proper and natural sense, extends to any degree of lineal descendants and has the same meaning as issue: 17 A. & E. Ency. L. 178; Young v. Davies, 2 D. & Sm. 167; Thompson

v. Beasley, 3 Drew. 7; Denn v. Puckey, 5 T. R. 306; Allen
v. Markle, 36 Pa. 117.

This is the ordinary case of a limitation over after an indefi-
nite failure of issue, void as an executory devise, good as a
vested remainder, subject to be barred by fine or common recov-
ery, and now, under our statutes, by deed executed and acknowl-
edged in accordance therewith, which the verdict in this case
has found to have been done: Eichelberger v. Barnitz, 9
Watts, 447; Hackney v. Tracy, 137 Pa. 53; Vaughn v. Dickes,
20 Pa. 509; Matlock v. Roberts, 54 Pa. 148; McCullough v.
Fenton, 65 Pa. 426.

Even if it were possible to construe the Stevenson will as
providing for a definite failure of issue, that is a failure at the
time of the death of Amanda, yet, the case is with the defend-
ants, because, under an unbroken line of decisions in Pennsyl-
vania, the time of the death of Amanda intended by the
testator was a death in lifetime of testator, and having survived
testator, her estate became absolute: Caldwell v. Skilton, 13
Pa. 152; Biddle's Est., 28 Pa. 59; Schoonmaker v. Stockton,
37 Pa. 461; Fahrney v. Holsinger, 65 Pa. 388; Morrison v.
Truby, 145 Pa. 540; Fitzwater's Ap., 94 Pa. 141; Stevenson
v. Fox, 125 Pa. 568; Mickley's Ap., 92 Pa. 514; Coles v.
Ayres, 156 Pa. 197.

Appellant concedes, and the court below held, that the will
clearly intended a devise in fee to Amanda; but, even if it
were possible to hold that the devise was of a life estate to
Amanda, then the subsequent clause, providing for its going
over upon her death without issue, is a devise by implication
to her issue, and under the rule in Shelly's Case, she took a fee
tail: 2 Jarm. *339.

Opinion by Mr. Chief Justice Sterrett, Jan. 7, 1895:

Although the devise to Amanda Stephens was made before
the act of 1833 and without words of inheritance, yet, when
read in connection with the introductory clause of James S.
Stevenson's will, there is a plain intent manifested in the first
instance to give her an absolute estate. In McCullough v.
Gilmore, 11 Pa. 370, where substantially the same expression
was used, this court said: " These words, and the like of them,
are generally carried down into the corpus of the will, to show

that the testator meant to dispose of his whole interest in a particular devise, unless words are used which plainly indicate an intent to limit it." Numerous cases to the same effect are cited in Schriver v. Meyer, 19 Pa. 87. The first taker is always the favorite object of testator's bounty and as such entitled to the benefit of every implication.

There are no words used in the second paragraph of the will, containing the devise to Amanda, which indicate any intent to limit her estate. Had the will stopped there, the devise would unquestionably have been absolute. The following paragraph was not intended to operate by way of limitation, but was manifestly substitutionary in its character. The thought would very naturally occur to testator to make an alternative devise for the contingency of Amanda's dying without issue, Biddle's Ap., 28 Pa. 59; and this was in effect what was done. "In the event," said testator, "of Amanda dying unmarried, or if married, dying without offspring by her husband, then these lots are to be sold, and the proceeds to be divided equally among the heirs of John Barber." The word "offspring" here used is but a synonym for "issue;" and "issue" cannot be lawful without marriage. The devise is then in the first instance to Amanda; and in the event of her dying without issue over to alternative beneficiaries. Dying without issue was thus made the contingency upon which the substituted beneficiaries could take: Coles v. Ayres, 156 Pa. 197. But death when? Where, as here, there is nothing to indicate an adverse intent, additional limitations dependent on no other contingency than is implied from the language, "if any of them die," or "in case of death," or the like, cannot be referred to the event whenever it may happen,—for that would be to give a forced construction to the words,—but must be construed as referring to death in association with some additional circumstance which makes it actually contingent. That circumstance is said to be naturally in regard to the time of happening, and that time, where, as here, the gift is immediate, is necessarily the death of the testator, there being no other period to which the death can refer: Caldwell v. Skilton, 13 Pa. 152.

This view is strengthened by the presumption that, in the absence of a fixed period, the power of sale was intended to be

exercised at a near, rather than a remote, period after testator's death: Hill on Trustees, 474. The circumstances which gave rise to the creation of the power must necessarily change, and perhaps entirely disappear in the lapse of time. "A power of sale without limit would doubtless," said Mr. Justice CLARK, in Wilkinson v. Buist, 124 Pa. 253, 261, "be bad, under the rule against perpetuities, and a testator will not be presumed to have intended anything so absurd." The intended exercise of the power of sale given in this will is referable to the period either of (1) testator's death, or (2) a definite, or (3) an indefinite failure of issue. The last may at once be dismissed as too remote; while, as between the other two periods, it is scarce within the range of probability that testator should have intended sale after a long life. The change of circumstances might be radical, whereas at testator's death the change would in all probability be relatively small.

Another consideration of weight is that testator had in view living persons as substituted beneficiaries—the gift over is to the "heirs," and therefore the children, of John Barber who was living—and the natural inference is he intended them to take as such.

The suggestion that, because of Amanda Stephens' extreme youth, testator could not have had in contemplation the contingency of her marriage and death without issue in his lifetime, is without merit. No presumption could arise from the fact of making a will that testator expected to die before she should attain a marriageable age. So far as appears from the record, he may have had an expectation of long life. But whatever his expectations, he expressly meets both aspects of the case by providing that "in the event of her dying unmarried, *or* if married, dying" without issue, the estate should go over. She might die in her infancy unmarried, or marry and die leaving no issue in his lifetime; and the gift over to the substituted donees would prevent lapse.

There is no reason for discrimination against her on account of age. She was the favorite object of the testator's bounty; and having survived him, became thereupon seized of the absolute estate intended for her.

The judgment of the court below should therefore be affirmed,

Judgment affirmed.