BARBER et al. v. PITTSBURGH, FT. W. & C. RY. CO. et al.

(Circuit Court, W. D. Pennsylvania. August 2, 1895.)

No. 10.

1. FEDERAL COURTS—CONCLUSIVENESS OF STATE DECISIONS—EJECTMENT SUITS.
   A single verdict and judgment in ejectment in Pennsylvania not being conclusive in the state courts, a decision by the supreme court of the state upon the construction of a will, in a first ejectment suit, is not conclusive in a federal court, but is entitled to peculiar regard as a precedent.

2. EVIDENCE IN EJECTMENT SUITS—RECORD OF PROBATE—ADMISSIBILITY.
   It seems that, where both parties to an ejectment suit claim under the probate of a will, a statement in the record of such probate to the effect that the attesting witnesses deposed before the register that on a date named they subscribed their names to the will as witnesses, at the request

and in the presence of the testator, who then declared that it was his last will and testament, is competent evidence to show the date of the attestation and publication of the will.

3. WILLS—CONSTRUCTION—ESTATES TAIL.
    Testator devised certain lots to Amanda Stephens, and subsequently declared that, "in the event of Amanda dying unmarried, or, if married, dying without offspring by her husband, then these lots are to be sold, and the proceeds to be divided" among other persons designated. *Held* that, under the Pennsylvania decisions, this will did not create merely a defeasible fee, and, if it did not vest in the devisee a fee simple, it at least gave her an estate tail.

This was a suit in ejectment brought by Barber and others against the Pittsburgh, Ft. Wayne & Chicago Railway Company and others to recover possession of certain lots in the city of Pittsburgh, Pa.

S. Duffield Mitchell and J. S. Ferguson, for plaintiffs.
Scott & Gordon, for defendants.

Before ACHESON, Circuit Judge, and BUFFINGTON, District Judge.

ACHESON, Circuit Judge. The parties to this suit respectively claim title to the land in controversy under the following provisions of the will of James S. Stevenson, deceased:

"I, James S. Stevenson, of the city of Pittsburgh, in the state of Pennsylvania, aged fifty years on the 12th day of January, 1831, reflecting on the certainty of death, and desirous of making a distribution of my property in the event of my decease, do hereby declare this writing to be my last will and testament, made this twelfth day of March in the year of our Lord one thousand eight hundred and thirty-one.

"I give and bequeath to Amanda Stephens, daughter of Margaret Stephens, lots 67, 68, 69, and 70 in the city of Pittsburgh, in their full extent, bounded by Penn street, Wayne street, the Allegheny river, and by lot 71. Said Amanda Stephens is now five years old (born April 7, 1826). —— Stephens and —— his wife, the parents of Amanda's mother, live near Connellsville, in Fayette county, Penna.

"In the event of Amanda dying unmarried, or, if married, dying without offspring by her husband, then these lots are to be sold, and the proceeds to be divided equally amongst the heirs of John Barber, of Columbia, Penna."

The testator died October 16, 1831. His will was probated on the 18th day of the same month and year. Amanda Stephens survived the testator, and in the year 1847 intermarried with Samuel Haight. On July 27, 1848, Amanda and her husband, by deed to Jacob Haight, executed, acknowledged, and recorded agreeably to the provisions of the statute for barring estates tail, barred any estate tail that Amanda had in the devised lots of ground. Afterwards the title of Amanda, freed from any entail, became vested in the defendants. Amanda had several children by her husband, Samuel Haight, but they all died in the lifetime of their mother, without having had issue. Amanda died September 28, 1891. Her husband died previously. The plaintiffs are children and grandchildren of John Barber, deceased. Their position is that Amanda Stephens took no greater estate in the devised lots of ground than a qualified fee, defeasible in the event of her dying without offspring by her husband surviving her, and, this event

having happened, that the devise over to the heirs of John Barber took effect. The defendants insist, primarily, that Amanda took an estate in fee simple; but, if not, then they contend that she took, at least, an estate in fee tail.

The will of James S. Stevenson was considered by the supreme court of Pennsylvania in the case of Mitchell v. Railway Co., 165 Pa. St. 645, 31 Atl. 67. The court held that, although the testator died before the wills act of 1833, the words in the preamble of his will, "desirous of making a distribution of my property," showed an intent to dispose of his whole interest, and were to be carried down into the body of the will, and that those words imported an intent to give to Amanda an estate in fee simple in this particular property, notwithstanding the devise over to "the heirs of John Barber"; that the contingency upon which the estate was to go to them was the death of Amanda, "without offspring by her husband," in the lifetime of the testator; and that Amanda, having survived him, took a fee simple. The defendants maintain that this decision is conclusive here. But to that proposition we are not able to assent. A single verdict and judgment in ejectment in Pennsylvania, not being conclusive in the courts of the state, is not conclusive in the courts of the United States. Gibson v. Lyon, 115 U. S. 439, 6 Sup. Ct. 129. This decision of the supreme court of Pennsylvania, indeed, as a precedent is entitled to peculiar regard, and we would be disposed to follow it, even though we might doubt the correctness of the construction which that court gave to the devise to Amanda Stephens.

The plaintiffs, however, have introduced (under exceptions) some evidence that was not, it seems, before the courts in the former litigation, with reference to the state of facts under which, as they allege, the will of James S. Stevenson was made; facts which they contend are competent aids in construing the will, and call for a different conclusion from that reached by the supreme court of Pennsylvania. On the strength of this evidence it is asserted, in the first place, that Amanda Stephens was the natural child of James S. Stevenson. We are of opinion, however, that there is no competent evidence to establish the truth of this allegation, if it be material. The declarations here mainly relied on were made by a person who was not related either by blood or marriage to James S. Stevenson, and they were made many years after his death. Again, the plaintiffs claim to have shown that Stevenson was dangerously ill for two weeks preceding his death, and of this we think there is satisfactory evidence. Then they have offered the register's record of the probate of the will, which sets forth that the two attesting witnesses deposed before him that on the 16th day of October, 1831,—the date of Stevenson's death, as appears aliunde,—they subscribed their names to the will as witnesses at the request and in the presence of the testator, who then declared that it was his last will and testament. As this probate was the judicial act of the register, and both sides claim under it, we incline to think that the contemporaneous and customary record made by the register in the course of his official duty is com-

petent evidence to show the date on which' the testator caused the will to be attested, and published it in the presence of the subscribing witnesses. But upon the question whether the evidence here relied on warrants a different construction of the will from that adopted in Mitchell v. Railway Co., supra, we do not feel called upon to express an opinion. If we were to hold that the devise to Amanda Stephens did not pass to her an estate in fee simple, this conclusion would not help the plaintiffs, for we cannot agree with them in their contention that Amanda took only a defeasible fee. In our view of this will, if Amanda did not take a fee simple, she took, at least, an estate tail. "Offspring" is a word of limitation, not of purchase. Allen v. Markle, 36 Pa. St. 117. Speaking of the devise in question, the court in Mitchell v. Railway Co., supra, said:

"The word 'offspring,' here used, is but a synonym for 'issue'; and 'issue' cannot be lawful without marriage. The devise, then, is in the first instance to Amanda, and, in the event of her dying without issue, over to alternative beneficiaries."

In Vaughan v. Dickes, 20 Pa. St. 509, the testator, after a devise to his wife for her life, directed as follows:

"And, after the decease of my said wife, I give, bequeath, and devise all the aforesaid real estate above described to my son, Peter Dickes, and daughter, Catharine Albertson, to them and their heirs forever, share and share alike, equally to be divided between them; * * * and it is further my will that, should my son Peter Dickes not marry and have lawful issue, then the said real estate heretofore devised to him shall go to my said daughter, Catharine Dickes, and her heirs forever."

The court held that these words created an estate tail in Peter. In Matlack v. Roberts, 54 Pa. St. 148, the court decided that the words, "I give and devise to my sons all the residue of my estate, real and personal. * * * And, in case of the death of either of my children unmarried or without issue, then I do order that the share of said child or children so dying may be divided equally among my surviving daughters or their heirs,"—created an estate tail in the sons. The authority of these decisions is unshaken. It will be perceived from the above quotation from the opinion in Mitchell v. Railway Co., supra, that the court treated the word "unmarried" as unimportant, holding that the devise over was in the event of Amanda's dying without issue. Now, it is firmly established by an unbroken line of authorities, among which are Vaughan v. Dickes, supra, and Matlack v. Roberts, supra, that a devise over to named living persons upon the failure of the issue of the first taker does not import a definite failure of issue. In the leading case of Eichelberger v. Barnitz, 9 Watts, 447, 449, the devise which there was adjudged to create an estate tail contained these words:

"And, further, my will is, because my son Henry is not yet married, that, if he should die without leaving any lawful issue, that then his full share shall fall or go in equal share to my other three children, Adam and Anna Mary and Susannah, to one of them as much as to the other."

Here the devise over was not only to named living children of the testator, but it was to them distributively in equal shares. To

hold at this late day that such a devise over imports a definite failure of issue would shake a multitude of titles. The authority of Eichelberger v. Barnitz, supra, was fully recognized in the recent case of Hackney v. Tracy, 137 Pa. St. 53, 20 Atl. 560. The case of Middleswarth v. Blackmore, 74 Pa. St. 414, was decided upon the peculiar provisions of the will there involved. It does not furnish a rule for this case. Amanda Stephens was the preferred object of the testator's bounty, and the construction should incline towards making the gift as effectual to her as possible. We are satisfied that upon any admissible construction of the will of James S. Stevenson the title to the land in dispute is in the defendants.

BUFFINGTON, District Judge, concurs.