## Richards, Appellant, *v.* Bentz.

212        93
34 SC  217

212        93
e220     ¹367

212      93
f222  1  57

*Will—Estate in fee simple—Heirs—Survivorship.*

Where there is a plain devise of a fee simple to take effect immediately in possession, a devise over in case of the death of the first taker means his death in the lifetime of the testator. The first taker is entitled to the benefit of every implication and his estate will not be cut down and limited unless the intention to do so clearly appears.

When the devise is of a fee absolute in the first instance and the gift is immediate, words of survivorship will be referred to the death of the testator and not to the death generally, whenever it may happen.

Testator devised a farm to A "as his full property, which he shall take in

possession immediately after my death," and coupled with it was a bequest of farming and trade implements and other personal property. For these he was to pay $2,000 to his sister E, then came · the following provision: "If the above A or E should die without heirs, so shall that one's share of inheritance fall back to the other." *Held,* that the estate taken by A was absolute and indefeasible, if he survived the testator.

Argued March 1, 1905.    Appeal, No. 40, Jan. T., 1905, by plaintiff, from judgment of C. P. Berks Co., April T., 1903, No. 7, on verdict for defendants in case of Adam Darius Richards v. William Bentz, Levi D. Kalbach and Henry P. Obold. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and EL-KIN, JJ.    Affirmed.

Ejectment for land in Jefferson township.    Before ERMEN-TROUT, P. J.

From the record it appeared that Jacob Haag devised the land in question to his grandson, Adam H. Potteiger. The material portions of his will are quoted in the opinion of the Supreme Court. Adam's sister, Eva, died leaving one child, Adam Darius Richards, the plaintiff. The defendants claim under Adam H. Potteiger, who survived testator, but died without ever having had a child.

The court gave binding instructions for defendants. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*Cyrus G. Derr,* with him *Benj. F. Dettra,* for appellant cited: Hill v. Hill, 74 Pa. 173 ; McGunnigle v. McKee, 77 Pa. 81 ; Jessup v. Smuck, 16 Pa. 327 ; Berg v. Anderson, 72 Pa. 87 ; Eichelberger v. Barnitz, 9 Watts, 447 ; Clark v. Baker, 3 S. & R. 470 ; Randfield v. Randfield, 8 H. L. Cas. 225 ; Smith v. Stewart, 4 De G. & S. 253.

*H. R. Green,* of *Green & Green,* and *Henry Maltzberger,* with them *James B. Baker,* for appellee, cited: Mickley's App., 92 Pa. 514; Stevenson v. Fox, 125 Pa. 568; Morrison v. Truby, 145 Pa. 540; Biddle's Est., 28 Pa. 59; Mitchell v. Ry. Co., 165 Pa. 645 ; Keating v. McAdoo, 180 Pa. 5 ; Karker's App.,

60 Pa. 141; Coles v. Ayres, 156 Pa. 197; Shutt v. Rambo, 57 Pa. 149; Fahrney v. Holsinger, 65 Pa. 388; Flick v. Forest Oil Co., 188 Pa. 317; Caldwell v. Skilton, 13 Pa. 152; Engel's Est., 180 Pa. 215; Robinson's Est., 149 Pa. 418; Schoonmaker v. Stockton, 37 Pa. 461; King v. Frick, 135 Pa. 575.

OPINION BY MR. JUSTICE FELL, May 15, 1905:

The devise of a farm was to the testator's grandson "as his full property, which he shall take in possession immediately after my death," and coupled with it was a bequest of farming and trade implements and other personal property. For these he was to pay $2,000 to his sister Eva and to make other payments to the wife and daughter of the testator. The case turns on the effect of this provision: "If the above Adam Potteiger or Eva Anna Maria Potteiger should die without heirs, so shall that one's share of inheritance fall back to the other." There is nothing in the general scheme of the testator's disposition of his estate nor in the language found in his will that takes the case out of the rule that where there is a plain devise of a fee simple to take effect immediately in possession, a devise over in case of the death of the first taker means his death in the lifetime of the testator. The first taker is entitled to the benefit of every implication and his estate will not be cut down and limited unless the intention to do so clearly appears. When the devise is of a fee absolute in the first instance and the gift is immediate, words of survivorship will be referred to the death of the testator and not to death generally, whenever it may happen: Biddle's Estate, 28 Pa. 59; Fahrney v. Holsinger, 65 Pa. 388; Mickley's Appeal, 92 Pa. 514; Mitchell v. Railway Co., 165 Pa. 645; Jackson's Estate, 179 Pa. 77. That the real and personal estate were made subject to the same condition strengthens the inference of an intent that the estate taken by the grandson was to be absolute and indefeasible if he survived the testator.

The judgment is affirmed.