# Ault *v.* Karch, Appellant.

*Wills—Estate in fee—Life estate—Devise.*

A devise of a fee simple absolute in the first instance will not be reduced to an estate for life unless the intention to do so is clear.

Where there is a plain devise of a fee simple to take effect immediately in possession, a devise over in case of the death of the first taker does not mean death generally, whenever it may happen, but death in the lifetime of the testator.

Testatrix devised her real estate to her three daughters with the proviso that none should alien without the written consent of the others. In the final clause of her will she provided that "in the event of any of my said daughters dying without issue to survive her or them, then and in that case, I give and devise the share or shares" of the one so dying to the others or their heirs in equal shares as tenants in common, subject to the same proviso as to alienation. *Held*, that the daughters took an estate in fee simple.

Submitted Feb. 18, 1908. Appeal, No. 27, Jan. T., 1908, by defendant, from judgment of C. P. Lebanon Co., Dec. T., 1907, No. 92, on case stated in suit of Emma L. Ault, Clara C. Nauman and her husband, Harry A. Nauman, and Minnie E. Karch and her husband, William S. Karch, v. Ralph Karch. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Case stated to determine the marketable title to real estate. Before EHRGOOD, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for plaintiff on case stated.

*Eugene D. Siegrist*, for appellant.

*Chas. M. Zerbe*, for appellees.

OPINION BY MR. JUSTICE FELL, March 2, 1908:

The testatrix devised her real estate to her three daughters with the proviso that none should alien without the written consent of the others. In the final clause of her will she pro-

vided that : " In the event of any of my said daughters dying without issue to survive her or them, then and in that case I give and devise the share or shares " of the one so dying to the others or their heirs in equal shares as tenants in common, subject to the same proviso as to alienation. The effect of the restraint on the power of alienation need not be considered, since all the daughters have joined in the deed to the defendant. The only question is whether they took a fee simple under the will.

There is nothing in the general scheme of the will or in the words used that indicates an intention to cut down the estate given to a life estate, and to take it out of the rule that a devise of a fee simple absolute in the first instance will not be reduced to an estate for life unless the intention to do so is clear, and that, where there is a plain devise of a fee simple to take effect immediately in possession, a devise over in case of the death of the first taker does not mean death generally whenever it may happen, but death in the lifetime of the testator : Biddle's Estate, 28 Pa. 59 ; Mickley's Appeal, 92 Pa. 514 ; Stevenson v. Fox, 125 Pa. 568 ; Mitchell v. Railway Co., 165 Pa. 645 ; Richards v. Bentz, 212 Pa. 93.

The judgment is affirmed.