## Robinson, Appellant, v. Jones.

*Wills—Devise—Survivorship—Death of testator—Fee simple estate.*

Where there is a devise of a fee simple absolute in the first instance and the gift is immediate, words of survivorship will be referred to the death of the testator and not to death generally, whenever it may occur. The first taker is entitled to the benefit of every implication and his estate will not be cut down unless the intention to do so clearly appears.

Testator devised the residue of his estate to his three children, share and share alike, and further directed as follows: "in case any one or more of my last named children—wishes her, or his or their money out of said estate, it is my will that they choose three disinterested persons to appraise said estate at cash value. It is my will and desire that if either—shall die without a lawful heir, her or his or their share of the estate to fall to the last named heir or heirs." *Held,* that the children took an estate in fee simple.

Submitted May 18, 1908. Appeal, No. 144, Jan. T., 1908, by plaintiff, from judgment from C. P. Lancaster Co., Dec. T.,

1907, No. 23, on case stated in suit of George W. Robinson v. Howard Jones. Before Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Case stated to determine the marketable title to real estate. Before Hassler, J.

The opinion of the Supreme Court states the case.

*Error assigned* was in entering judgment for defendant on the case stated.

*W. U. Hensel*, for appellant.

*M. G. Schœffer*, for appellee.

Per Curiam, June 2, 1908:

There was no error in holding that the testator's children took estates in fee under the following clause in his will: " I give, bequeath and devise all the rest, residue and remainder of my real and personal estate to my other three children, viz. : Elizabeth Miller, Sarah Jane Miller and Joseph P. Miller, equally, share and share alike. In case any one or more of my last named children—wishes her, or his or their money out of said estate, it is my will that they choose three disinterested persons to appraise said estate at cash value. It is my will and desire that if either—shall die without a lawful heir, her or his or their share of the estate to fall to the last named heir or heirs." Where there is a devise of a fee simple absolute in the first instance and the gift is immediate, words of survivorship will be referred to the death of the testator and not to death generally, whenever it may occur. The first taker is entitled to the benefit of every implication and his estate will not be cut down unless the intention to do so clearly appears : Mickley's Appeal, 92 Pa. 514; Mitchell v. Railway Co., 165 Pa. 645; Richards v. Bentz, 212 Pa. 93. Moreover, the direction as to an appraisement in the event that any of his children should desire to convert his share into money indicates an intention that their estates shall be absolute.

The judgment is affirmed.