## Union Trust Company of Butler Account.

Argued April 12, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Joseph C. McLaughlin,* for appellants.

*Willis A. MacDonald,* for appellee.

OPINION BY RHODES, P. J., July 23, 1948:

The question presented is whether the court below erred in the construction of decedent's will.

Harry Bauer, Sr., died testate on September 8, 1929, leaving to survive him two daughters, a son, and a granddaughter, Eveline [Evelyn], who was the child of a deceased daughter, Caroline Thompson. Decedent's will, dated January 30, 1929, provided as follows:

"All my Property Realestate & Persl shall be sold and Dived equel betwenn Anna Catherne Harry Jr Eveline Caroline Girll If Eveline dies her share to the other three crildren Harry Jr is to Received my share in Jefferson Proptey # Harry Jr is to Receved all my Machinery and tools. Monument for me & my wife to cost about $500.00 & $200 in trust Intrest for up keep of Burrel Ground"

On August 4, 1946, the granddaughter, aged 20 years, died unmarried leaving to survive her as her heir at law, Harold L. Thompson, her father.

This is an appeal from the decree of the Orphans' Court of Butler County dismissing exceptions to the auditor's report in which the funds in the hands of the guardian of the granddaughter, received as her share of the estate of Harry Bauer, Sr., were distributed.

Appellants, who are the three children of the testator, contend that upon the granddaughter's death the funds so received passed to them under testator's will.

Appellee's contention, sustained by the auditor and the court below, is that testator intended the granddaughter to receive an absolute estate, and that the gift over to appellants, his other three children, was a substitutional one in the event that the granddaughter died within the lifetime of the testator.

We shall confine ourselves to the meaning derived from the words used in testator's will. *Buechley's Estate,* 283 Pa. 107, 110, 128 A. 730. It is not a question of what testator might have intended but left unsaid. *Brock Estate,* 156 Pa. Superior Ct. 616, 619, 41 A. 2d 347. The criterion of construction of the provisions of testator's will is the meaning of his words. *Mizener's Estate,* 262 Pa. 62, 66, 105 A. 46; *Rosengarten Estate,* 349 Pa. 32, 38, 36 A. 2d 310. Moreover, it is well settled that if a bequest be made to a person absolute in the first instance, and it is provided that in the event of death another legatee or legatees shall be substituted to the share or legacy thus given, it shall be construed to mean death before the testator. *Mickley's Appeal,* 92 Pa. 514, 517.

Appellants in their argument stated that the phrase "If Eveline dies" should be interpreted as meaning "If Eveline dies during her childhood and before she comes into actual possession of her inheritance." This would be reading into the will a great deal more than that

contained in the words which testator used. Not only would the construction which appellants urge produce a new instrument, but it is in direct conflict with our judicial pronouncements. At the time of testator's death, the granddaughter was alive and in a position to receive the bequest to her. If she had predeceased the testator, her share of her grandfather's estate would have passed "to the other three children." But having survived the testator she received an absolute estate. Recently our Supreme Court in *Hanna's Estate,* 344 Pa. 548, 550, 26 A. 2d 311, 312, again set forth the applicable and controlling rule: "Where a testator makes a bequest or devise 'to A and at (or upon) A's death to B,' A receives only a life estate irrespective of the time of his death, whereas if the bequest or devise be 'to A and if A dies (or dies without issue) to B,' A, if he survives testator, receives an absolute or fee simple estate, the gift to B being but a substitutional one in the event that A dies within the lifetime of the testator. See Restatement, Property, section 108, comment b."

In any event, an absolute estate is not to be cut down without clear evidence of such an intent. As said in *Ault et al. v. Karch,* 220 Pa. 366, 367, 69 A. 857, 858: "There is nothing in the general scheme of the will or in the words used that indicates an intention to cut down the estate given to a life estate, and to take it out of the rule that a devise of a fee simple absolute in the first instance will not be reduced to an estate for life unless the intention to do so is clear, and that, where there is a plain devise of a fee simple to take effect immediately in possession, a devise over in case of the death of the first taker does not mean death generally whenever it may happen, but death in the lifetime of the testator: Biddle's Estate, 28 Pa. 59; Mickley's Appeal, 92 Pa. 514; Stevenson v. Fox, 125 Pa. 568; Mitchell v. Railway Co., 165 Pa. 645; Richards v. Bentz, 212 Pa. 93."

Decree is affirmed, at the cost of appellants.