# Muhlenberg's Appeal.

|     |      |
|-----|------|
| 103 | 587  |
| 169 | 88   |
| 103 | 587  |
| 214 | ²444 |
| 103 | 587  |
| f221 | ¹476 |

1. A testator directed as follows: " After the death of my wife, A. B.,
I direct my executors or the survivor of them to sell all my real estate,
collect all outstanding moneys and divide the amounts by giving an equal
share to each child or its heirs."  *Held*, that the legacies to the children
given by this provision were vested, and that the share of one dying
after the testator, but before the widow, was payable to his representa-
tives.

2. The word " heirs" in a will, uncontrolled by the expressed inten-
tion of the testator, has the effect of vesting a legacy that would other-
wise be contingent.

May 14th 1883.  Before MERCUR, C. J., GORDON, PAXSON,
TRUNKEY, STERRETT and GREEN, JJ.  CLARK, J., absent.

APPEAL from the Orphans' Court of *Lancaster county :*
Of January Term 1883, No. 153.

This was an appeal by F. A. Muhlenberg from a decree of
the said court dismissing his exceptions filed to the report of
the auditor, appointed to distribute the balance remaining in
the hands of B. S. Muhlenberg and F. A. Muhlenberg, surviv-
ing executors of Dr. F. A. Muhlenberg, deceased.

The facts were as follows :  Dr. F. A. Muhlenberg, the
testator, died July 5th 1867, leaving a widow, Ann E. Muhlen-
berg, surviving him, and nine children living at the time of his
death, viz : By a first wife (1) Dr. H. E. Muhlenberg ; (2) F.

A. Muhlenberg; (3) Dr. B. S. Muhlenberg. By second wife, widow above-named: (1) Ann H. Muhlenberg (wife of G. A. Nicolls); (2) Edward D. Muhlenberg; (3) Emma E. Muhlenberg (wife of Rev. J. I. Mombert); (4) Charles Philip Muhlenberg; (5) Dr. Frank Muhlenberg; (6) Rosa A. Muhlenberg.

The said Ann E. Muhlenberg, widow, died April 25th 1881. The said Dr. H. E. Muhlenberg died in July 1877. Charles Philip Muhlenberg died January 10th 1872. Dr. Frank Muhlenberg administered upon the estate of the said Ann E. Muhlenberg and the said Charles Philip Muhlenberg, deceased. The latter died intestate, unmarried and without issue.

The said Dr. H. E. Muhlenberg left a will, and Mary E. Muhlenberg administered upon his estate with the will annexed.

The said Dr. F. A. Muhlenberg (testator) left a will, dated January 21st 1860, of which he appointed his two sons, Dr. H. E. Muhlenberg and Dr. B. S. Muhlenberg, executors, and afterwards, by codicil dated September 4th 1865, appointed F. A. Muhlenberg, executor, to act in conjunction with the two executors above-named. The said will was admitted to probate, July 9th 1867. The present account was filed by Dr. B. S. Muhlenberg and Rev. F. A. Muhlenberg, surviving executors.

The said testator, after some other provisions, proceeded in his will as follows:

"Seventh. All the rents, incomes and interest arising out of the balance of my estate, real, personal and mixed, after first deducting annuities, repairs, taxes, and all other necessary expenses, I direct to be paid to my wife, Ann E. Muhlenberg, semi-annually, by my executors, during her natural life, for her support and the education and maintenance of my minor children."

"Eighth. After the death of my wife, Ann E. Muhlenberg, I direct my executors, or the survivor of them, to sell all my real estate, collect all outstanding moneys, and divide the amounts, by giving an equal share to each child or its heirs."

The Auditor (W. Leaman, Esq.) reported, inter alia, as follows:

".The contention in the case before the Auditor derives its importance mainly from the fact that Charles Philip Muhlenberg, one of the children of the decedent by the second wife, died prior to the death of Ann E. Muhlenberg, widow aforesaid, intestate and without leaving issue. If the legacies are vested, then the share of the said Charles Philip Muhlenberg would pass to his mother, the said Ann E. Muhlenberg, absolutely, and would be payable to her administrator. Upon the distribution of her estate, the said fund would descend,

[Muhlenberg's Appeal.]

along with the remainder of her property, to her heirs, to the exclusion of the children of the said F. A. Muhlenberg by his first wife. If the legacies are contingent, it is contended that the distribution must be made to the children of the said F. A. Muhlenberg, deceased, and the children of any deceased child, share and share alike, the children of such deceased taking the share which the parent would have taken if living.

"Dr. H. E. Muhlenberg having died before the death of the said widow, his children would, in this view of the case, take the share to which their father would have been entitled, and not the legatees named in his will.

" A leading case upon the subject now in hand is Patterson *v.* Hawthorn, 12 S. & R. 112. There the testator, after ordering all his real estate to be sold by his executors, and the money proceeding from the sale to be put out at interest during the life of his wife, to whom the interest was to be paid, proceeded : "At the death of my wife, I do allow the price of my land shall be equally divided among my two sons, A. and B., and my daughters, C., D., E. and F., or their heirs, in six equal parts." F., after the death of the testator, married, and died without issue during the life of her mother, who afterwards died. It was held that the legacy was vested in F., and that therefore her husband, as her administrator, was entitled to recover it.

" In the case of King *v.* King, 1 W. & S. 205, the testator bequeathed the interest of £600 to C. for life, and after her death, 'I give and bequeath the said principal sum to my children, hereafter named, or their heirs, to be divided among them share and share alike.' Held, to be a vested legacy, and upon the death of either of the children his share would go to his personal representative.  . . . .

" To the same effect the following cases may be cited, among others : Manderson *v.* Lukens, 11 II. 31 ; McGill's Appeal, 11 P. F. S. 47; McClure's Appeal, 22 P. F. S. 414 ; Sebastian's Est., 4 Phila. Rep. 236 ; Laguerenne's Estate, 39 Leg. Int. 218.

" It is needless to enlarge the list of citations. By the light of these authorities, the Auditor, limiting his attention, in the first place, wholly to the language of this particular clause in the will, must hold that the legacies are vested.  . . . .

" The share of Dr. H. E. Muhlenberg in the present distributable fund, is payable to Mary E. Muhlenberg, administratrix c. t. a. of his estate, and that of C. P. Muhlenberg is payable to the administrator of his estate."

The Auditor accordingly distributed the fund equally among the nine children of the testator or their representatives, making certain allowances for advancements which were not disputed. Exceptions to this report having been dismissed, and the report

[Muhlenberg's Appeal.]

confirmed by the court below in an opinion by PATTERSON, J., F. A. Muhlenberg thereupon took this appeal, assigning for error, inter alia, the dismissal of his said exceptions.

*G. A. Endlich*, for appellant.—The interests of the children of the testator could not vest until after the death of the widow, and the death of one without issue passed his share to his surviving brothers or sisters or the children of a deceased brother or sister; the word " heirs " in the will being intended to designate such children as beneficiaries in case of their parents' decease before the period of vesting. The gift to the children is contingent on their surviving the widow. Where the payment is not merely deferred, but futurity is of the substance of the gift, the legacy is contingent: McClure's Appeal, 72 Pa. St. 417; 2 Jarman on Wills 457; Sebastian's Est., 4 Phila. 236; Lamb *v.* Lamb, 8 Watts 187. The omission of the word " payable " so alters the sense as to annex time to the substance of the gift: 2 Williams on Executors 1051; Magoffin *v.* Patton, 4 Rawle 113. In Moore *v.* Smith, 9 Watts 403, the testatrix directed " my executors shall pay John Moore £100 as soon as he arrives to be twenty-one years of age," and directed that all sums bequeathed by her should be paid to " the legatees or their heirs." It was held that no vested interest passed. Bowman's Appeal, 34 Pa. St. 19, and Seibert's Appeal, 13 Pa. St. 501, are similar in effect. In the case in hand there is no antecedent or substantive gift. The words are " divide by giving." The gift cannot take place till the distribution, of which it is part, and which is directed to be made after the death of the widow. The addition of the words " or its heirs " does not necessarily make the interest vested. In bequests of personalty, by " heirs " is meant statutory heirs, those designated by the Intestate Act: Hawkins on Wills 92; Clark *v.* Scott, 67 Pa. St. 446. Nothing more has been decided than that where the enjoyment of the same fund is given in fractional parts at successive periods, and there is no room for the implication of an intention to use these words as words of purchase, they shall be construed as words of limitation. In every other case the court follows the doctrine of the Roman Law and the English decisions, that a gift to " A. or his heirs " is a substitutional alternative gift, and the word " heirs " is a word of purchase. The effect of the word " heirs " is not technically that of vesting an estate in the first taker; the rule in Shelley's case refers to quantum of estate. " Heirs " has often been construed " children ": Haley *v.* Boston, 108 Mass. 576; Ellis *v.* Proprietors, Essex, &c., Bridge, 2 Pick. 243; Bowers *v.* Porter, 4 Pick. 198; Bond's Appeal, 31 Conn. 183; Scott *v.* Guernsey, 48 N. Y. 106; Urich's Appeal, 86 Pa. St. 386.

[Muhlenberg's Appeal.]

*Henry A. Muhlenberg* (with was *H. M. North*), for appellees.—The interests taken by testator's children were in effect vested remainders. The estate was to be enjoyed during life by the widow, and immediately on her death was to go to certain persons in being at the death of the testator or their heirs. The rule is that where a legacy is given to a person to be paid at a future time it vests immediately : Patterson *v.* Hawthorn, 12 S. & R. 112; Reed *v.* Buckley, 5 W. & S. 517; King *v.* King, 1 W. & S. 205; Manderson *v.* Lukens, 11 Harris 31; McGill's Appeal, 11 P. F. Smith 47; McClure's Appeal, 22 P. F. Smith 415; Bushong's Est., 11 W. N. C. 108; Crawford *v.* Ford, 7 W. N. C. 532.

Mr. Justice GORDON delivered the opinion of the court, October 1st, 1883.

The second of the following two items of the will of Dr. H. E. Muhlenberg, deceased, is that upon which the present controversy turns. " All the rents, income and interest arising out of the balance of my estate, real, personal, and mixed, after first deducting annuities, repairs, taxes, and all other necessary expenses, I direct to be paid to my wife, Ann E. Muhlenberg, semi-annually, by my executors, during her natural life, for the support and education and maintenance of my minor children."

" After the death of my wife, Ann E. Muhlenberg, I direct my executors, or the survivor of them, to sell all my real estate, collect all outstanding moneys, and divide the amounts, by giving an equal share to each child or its heirs." The widow died in 1881, and Charles P., one of the sons of the testator, died some ten years before his mother, unmarried and intestate. On distribution in the court below, the administrator of Charles P. Muhlenberg claimed the bequest as due to the estate of his decedent under the will above mentioned. This claim was resisted by the appellants, who insisted that the legacy was in its character contingent, and so lapsed on the death of the legatee before the widow.

The Auditor, appointed by the Orphans' Court to make distribution, after a careful investigation, and a very full and able opinion, awarded the controverted fund to the administrator, and in this he was affirmed by the court below, which decreed according to his recommendation. It is wearisome to be compelled to go over the stale and worn-out subject of vested and contingent remainders, and this especially when the auditor has left nothing for us to say which is novel even in form. The legacy was of personal property; the direction in the will to sell the realty worked a conversion. I do not understand this to be disputed. Indeed, no such dispute can arise, for if this were a devise of realty no one would doubt that the word heirs

operated as a limitation, and there would be no question as to the character of the gift. But notwithstanding the very learned argument of the counsel for the appellants, we cannot see that the question is more difficult of solution because the gift is of personalty. The will makes a final disposition of the estate or fund, and it is fractional only as to its enjoyment; the widow to have and enjoy the interest for life, and the corpus to be distributed among the children, share and share alike, at her death. If these legacies were not vested we fail to see upon what contingency they were made to depend. The will indicates no contingency of survivorship at the death of Mrs. Muhlenberg; on the other hand, it directs, without qualification, that at that period the estate shall be divided among the children. There is here no time or other condition annexed to the substance of the gift, but merely to the time of enjoyment. Hence, on all authority, the legacy must be treated as vested : McClure's Ap., 22 P. F. S. 414. Provenchere's Ap., 17 P. F. S, 463, may be regarded as a case in point, and its facts certainly do not more strongly support the principle there decided than do those in the case in hand. Provenchere made a devise in trust to convert real and personal property into money, and to invest, inter alia, for the use of his daughter-in-law, Maria Rutgers, during her widowhood, and after her marriage or decease, over to his grandchildren ; the income to be applied to their maintenance and education, and the capital to be paid to them as they respectively attained the age of twenty-one years. The auditor to whom the case was referred for disposition, held that the interests of the grandchildren were contingent and did not vest until the death of the widow, hence, those only who survived her were entitled to take. But in this he was not sustained either by the court below or by this court. The argument for the appellant was, that as there was no beneficial enjoyment of the fund given to the remainder-men, during the life of the first taker, there was no intention indicated that the legacy should vest before the time fixed for the beneficial enjoyment of the fund. It will be seen that there is here a concession that the principal sum vests immediately on the death of Mrs. Rutgers, though its payment is deferred until the beneficiaries reach the age of twenty-one, and this because of the bequest of the interest or income for their use in the meantime. But Mr. Justice SHARSWOOD, who delivered the opinion of the court, pertinently asks, how it came that the bequest of the very same interest to Mrs. Rutgers for life could prevent the vesting of the fund at the death of the testator. In whom did the fund vest, if not in the grandchildren? And the mere fact that the payment of the principal and income was put off until the widow's death did not make the gift contingent. In the case in hand,

[Muhlenberg's Appeal.]

as already observed, the testator appropriates the whole income of his estate to his wife for life, and on her death he empowers his executors to sell his real estate, collect all outstanding moneys, "and divide the amount by giving an equal share to each child or its heirs." After a direction so plain as this, how can there be any doubt that the testator not only intended to dispose, but did dispose of his whole estate; or that at the time of his death his estate should go to his children, their enjoyment thereof being postponed only because there intervened the necessity of providing for the comfort and support of his wife during her life? But then again, we have it well established in Pennsylvania, by an unbroken line of decisions, that the word "heirs," when uncontrolled by the expressed intention of the will, has the effect to vest a legacy which would otherwise be contingent. In other words, it is to be taken as a word of limitation, limiting the bequest, in case of the death of the legatee before the time fixed for payment, to his or her representatives. The question is fully discussed, in McGill's Ap., 11 P. F. S. 46, and the cases of Patterson v. Hawthorn, 12 S. & R. 112; King v. King, 1 W. & S. 205; Reed v. Buckley, 5 Id. 517; Buckley v. Reed, 3 Har. 83, and Manderson v. Lukins, 11 Id. 31, were followed and approved.

In that case, Mr. Justice Thompson, after calling attention to the fact that the contention was whether the words should be taken as substitutionary only, or as words of limitation, says: "The words in these cases specially adjudicated upon are identical with those that give rise to the doubt in the case in hand." He then cites Chief Justice Tilghman's question and answer, in Patterson v. Hawthorn, "What did the testator mean by the words 'or their heirs?' I understand it as if he had said, to be paid to such persons as would be entitled to it as their representatives by the law of the country; that is to say, it was not, in the case of the death of one, to go to the survivors, but to be considered as vested in the deceased child."

The learned justice then adds: "It is not correct to say that this was an obiter dictum on part of the Chief Justice. It was the very point in contest, and not whether the husband could have taken under the alternative bequest." We have also the case of Mull v. Mull, 31 P. F. S. 393, in which it was held that the additional words, in a bequest, "or their legal heirs," were evidently used, not to individuate grandchildren, but to supply a legal succession in the event of the death of any one of the legatees, and meant simply legal representatives.

Now, as there is nothing in Dr. Muhlenberg's will which tends to qualify or limit the effect of the word "heirs" following the bequest, even were the question otherwise doubtful,

7 Outerbridge—38

this would, under the authorities cited, determine the character of the legacies, and settle the contention in favor of the appellees.

Appeal dismissed and decree affirmed at the costs of the appellant.