## Mayer v. Walker, Appellant.

*Will—Devise—Heirs—Remainder.*

Testator devised a dwelling-house to his wife "as long as she remains my widow, in case she marries or death it will go to my son, or his lawful heirs. If he should die without any lawful heirs then it shall go to my brother's children." The son died without issue leaving a will, and subsequently the widow of testator died. *Held*, that the children of testator's brother took the estate.

Argued Jan. 18, 1906. Appeal, No. 300, Jan. T., 1905, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1904, No. 1,639, on case stated in suit of Benjamin Mayer et

al. v. Leon Walker et al.   Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Case stated to determine title to real estate.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in entering judgment for plaintiff on case stated.

*John G. Johnson,* for appellant.—Unaided and unobstructed by any so-called canons of construction, the will discloses a clear intent to give to Leon Walker a fee simple only in the event of his surviving his mother, the life tenant: Harris v. Davis, 1 Collyer, 416; Findlay v. Riddle, 3 Binney, 139; Braden v. Cannon, 24 Pa. 168; Cochran v. Cochran, 127 Pa. 486; Corrin v. Elliott, 23 Pa. Superior Ct. 449; Vilsack's Estate, 207 Pa. 611.

No so-called canons of construction prevent the carrying out of the clear testamentary intent: Mull v. Mull, 81 Pa. 393; McGill's App., 61 Pa. 46; King v. King, 1 W. & S. 205; Patterson v. Hawthorn, 12 S. & R. 112; Muhlenberg's App., 103 Pa. 587.

Where, in Pennsylvania, there is a devise in remainder, upon the falling in of a precedent life estate, with contingent remainder over in case of the death of the first remainder-man without heirs, or without issue, no indefinite failure of heirs or issue is meant, but only a failure at the expiration of the precedent life estate: Caldwell v. Skilton, 13 Pa. 152; McAlpin's Est., 211 Pa. 26; Hackney v. Tracy, 137 Pa. 53; Graham v. Abbott, 208 Pa. 68; Mickley's App., 92 Pa. 514.

*Joseph H. Taulane,* with him *Henry S. Drinker, Jr., James F. Hagen, H. Gordon McCouch* and *Samuel Dickson,* for appellees.—The phrase " Leon J. Walker, or his lawful heirs," standing alone, would have given him a fee and must be read " Leon J. Walker and his lawful heirs : " Harris v. Davis, 1 Coll. 416; Patterson v. Hawthorn, 12 S. & R. 112; King v. King, 1 W. & S. 205; McGill's App., 61 Pa. 46; Mull v. Mull, 81 Pa. 393; Muhlenberg's App., 103 Pa. 587.

The effect of the gift over " if he should die, without lawful

heirs " before the act of 1855, would be to give Leon an estate tail with a vested remainder to the children of William, the failure of issue being an indefinite and not a definite failure: Harris v. Davis, 1 Coll. 416 ; Findlay v. Riddle, 3 Binn. 139; Covert v. Robinson, 46 Pa. 274; Hackney v. Tracy, 137 Pa. 53 ; Graham v. Abbott, 208 Pa. 68.

The estate tail to Leon was enlarged into a fee by the Act of April 27, 1855, P. L. 368, the remainder over to the children of William being thereby destroyed : Seybert v. Hibbert, 5 Pa. Superior Ct. 537.

OPINION BY MR. JUSTICE FELL, March 19, 1906 :

The general scheme of the testator's will was this : He gave to his wife his household furniture as long as she remained unmarried, one-third of his personal estate absolutely, and one-third of the income of his real estate for life. He left $9,000, in trust, the income to be paid to his wife as long as she remained unmarried and upon her marriage or death to be paid to his son Leon for life, and upon his decease the principal was to go to his children. In case his son died without leaving any child or issue of a deceased child, one-third of the principal was to go to charities, and two-thirds to the children of the testator's brothers. The remainder of his estate was left to his son absolutely. The will was prepared by skillful counsel. The testator made two codicils, evidently without the aid of counsel. The first contains this provision : " My wife Selina shall occupy the dwelling house No. 1711 Franklin street in the city of Philadelphia as long as she remains my widow, in case she marry or death it goes to my son Leon. I also want him to have a home in the premises, in case my son Leon die this property I give to the children of my brother William." The second codicil written a year later is as follows: " I want my wife Selina Walker to reside in dwelling house No. 1711 Franklin street as long as remains my widow, in case she marry or death, it will go to my son Leon J. Walker. or his lawful heirs, if he should die without any lawful heirs it shall go to my brother William Walker's children."

Leon J. Walker died without descendants in the lifetime of his mother, leaving a will by which he devised his estate to strangers. Upon the death of his mother his devisees brought

an action of ejectment against the children of William Walker. It was held that the devise by the second codicil was to Leon J. Walker and the heirs of his body and that by virtue of the Act of April 27, 1855, P. L. 368, he took a vested remainder in fee simple and that the remainder to William Walker's children being limited on a fee was void. Judgment was entered on the case stated in favor of the plaintiffs.

The conclusion reached by the court is based on two propositions : (1) In the phrase " Leon J. Walker or his lawful heirs " the word " or " is to be construed " and " ; (2) by " lawful heirs " the testator meant heirs of the body and the devise to Leon and the heirs of his body and, if he should die without lawful heirs, to remainder-men over, is a devise in fee tail enlarged by the act of 1855 into a fee simple. The word " heirs " in the phrase " If he should die without lawful heirs " must be construed to mean heirs of the body, since there was a gift over to collaterals who would have been lawful heirs. The second proposition may therefore be conceded. But why should " or " be read " and " in the phrase " or his lawful heirs " ? Certainly not in order to give effect to the intention of the testator, which is perfectly clear, and no technical rule of construction requires it. No one can doubt that the testator intended that the children of his brother should take if, when the prior estate ended by the death or remarriage of his wife, neither his son nor any " heir," in the sense of descendant, of the son should be in existence. By the first codicil the son was given a fee simple in remainder, if then alive, upon the termination of the prior estate, and in the case of his death before the termination of this prior estate the house was given to the children of the brother William. The second codicil supplied an omission in the first to make any provisions for the heirs of the body of the son in case he did not survive his mother, and provides for the disposition of the house in the same manner that a portion of the trust fund of $9,000 is provided for in the body of the will. The plain intention of the testator, indicated by what he said in the second codicil and by the whole will, was to limit the estate not to his son and his heirs, but to his son or his heirs. The purpose was to substitute the " heirs," meaning children or issue, of the first taker, if the son should be dead leaving children or issue ; if there

should then be neither son nor issue of the son the estate was to go to the children of the testator's brother William.   This construction carries out the manifest intention of the codicil without rejecting or altering a single word, while the construction contended for by the appellees gives no effect to words which provide for a limitation over in default of lineal heirs, and excludes the possibility of giving effect to them in any contingency that might arise by making the limitation over on an indefinite failure of issue.

A devise to a man or his heirs, without more, has in many cases been construed as a devise to him and his heirs where such construction was necessary to give effect to a manifest intention or to supply a legal succession in the event of death. Of these cases Patterson v. Hawthorn, 12 S. & R. 112, and Muhlenberg's Appeal, 103 Pa. 587, are examples.   In this case there is a substitutionary devise to the children of the testator's brother in the contingency of the death of the testator's son without heirs of the body during the continuance of the particular estate, which would be defeated by construing " or " as " and."   The rule in Shelley's case has no application, for the gift to the son is without limit as to duration, and under the act of 1833 words of inheritance are not required to pass the fee.

The phrase used by the testator, " if he should die without any lawful heirs," is the equivalent because of the context of " in case he should die without issue."   Where an absolute estate is followed by these words, it is a settled principle of interpretation that they will be understood as referring to death without issue in the lifetime of the testator, if the gift is immediate ; or during the continuance of the life estate if it is not : and if the donee survives the testator or the continuance of the intervening estate, his interest becomes absolute and indefeasible.   Conversely, if he does not so survive, the limitation over takes effect as a valid executory bequest or devise : McAlpin's Estate, 211 Pa. 26.   We conclude, therefore, that the estate to the son would have been indefeasible if he had survived his mother, irrespective of the act of 1855.   Since he did not survive her and left no issue, the limitation to the children of the testator's brother became effective.

The judgment is reversed and judgment is now entered on the case stated for the defendants.