# Muderspaugh's Estate.

*Wills—Power of sale—Partial conversion—Failure of purpose.*

Where a testator has by will directed a sale of his real estate for the specific purpose of producing a fund to pay charitable bequests named, a part of the fund intended for a bequest which fails, goes to the heirs at law as real estate, and not to the next of kin as personal property, and this is the case although the real estate was actually sold.

Argued March 6, 1911.   Appeal, No. 280, Jan. T., 1910,

by John C. Helman, executor of Adam Muderspaugh, from decree of O. C. Franklin Co., directing distribution in estate of Susan Muderspaugh, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Exceptions to report of W. J. Zacharias, Esq., auditor. The opinion of the Supreme Court states the case.

*Error assigned* was in sustaining auditor's report.

*Ruthrauff & Nicklas*, with them *Geo. W. Atherton*, for appellant.—The contention of appellant is that the intent of testatrix to work an absolute conversion, so as to change the character of the fund from realty to personalty, is apparent: Burr v. Sim, 1 Whart. 252; Nagle's App., 13 Pa. 260; Ackroyd v. Smithson, W. & T. Leading Cases in Equity (4th Am. ed.), 1171; Luffberry's App., 125 Pa. 513; Painter v. Painter, 220 Pa. 82.

*Charles Walter*, with him *T. Z. Minehart, O. C. Bowers* and *Arthur W. Gillan*, for appellees, cited: Painter v. Painter, 220 Pa. 82; Luffberry's App., 125 Pa. 513; Wilson v. Hamilton, 9 S. & R. 424; Read v. Williams, 125 N. Y. 560 (26 N. E. Repr. 730); Jones v. Kelly, 170 N. Y. 401 (63 N. E. Repr. 443).

OPINION BY MR. JUSTICE MESTREZAT, April 10, 1911:
The learned court below has properly disposed of the single question in this case, and its opinion vindicates the correctness of the conclusion. After giving a life estate to her husband, the testatrix directs that, after his death, "all my estate, real, personal and mixed, which may then be remaining shall be sold by a trustee to be appointed by the orphans' court . . . . and after payment of the funeral expenses of my husband, Adam Muderspaugh, and the expense of marking his grave, and all other legal expenses and charges connected with the settlement of my estate,

I dispose of the same as follows." Two legacies, aggregating $400, were then given, and the balance of the estate was bequeathed to certain charitable or religious institutions. These latter bequests failed by reason of the death of the testatrix within one calendar month of the execution of the will. After the husband's death, the real estate was sold by a trustee, and the proceeds are the subject of this distribution. The court held that after payment of the two legacies and expenses of administration, the balance of the fund went to the heirs of the testatrix as real estate. This was clearly right. The direction in the will to sell the real estate was not general but for the specific purpose of producing a fund to pay the bequests named by the testatrix, and only to that extent was there a conversion of the realty. The charities having failed, the part of the fund, intended for that purpose went to the heirs at law as real estate. "It has never since Ackroyd v. Smithson, 1 Bro. C. C. 503 been doubted," says the court in Luffberry's App., 125 Pa. 513, 516, in the language of another, "that where a testator directs the real estate to be sold, and the produce of the sale to be applied for a purpose which either wholly or partially fails, the undisposed of beneficial interest will result to his heir at law, and will not go to his next of kin, although the land may have been actually converted into money."

The decree is affirmed.