## Church *v.* Baer, Appellant.

*Wills—Construction—Legal heirs—Issue of the body—Estate in fee simple.*

Where a testator devises land to his wife for life, and after her death to his daughter, and further provides that if his daughter shall "not outlive her mother, and leave no legal heirs," then the land was to belong to his son, the daughter after the death of the mother takes an absolute estate in fee simple in the land. In such a case the testator used the words "legal heirs" in the sense of "issue of the body," and they refer to the death of the daughter without issue during the life of the wife.

Submitted May 7, 1912. Appeal, No. 178, Jan. T., 1912, by defendant, from judgment of C. P. Fayette Co., Dec. T., 1911, No. 458, for plaintiff on case stated in suit of Isabella D. Church v. Joseph J. Baer. Before Fell, C. J., Potter, Elkin and Moschzisker, JJ. Affirmed.

Case stated to determine marketable title to real estate. Before VAN SWEARINGEN, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant on case stated.

*John S. Christy,* for appellant, cited: Hoopes's Est., 231 Pa. 232; Fox's App., 99 Pa. 382; Stoner v. Wunderlich, 198 Pa. 158; Seibert v. Butz, 9 Watts 490; Miller's Est., 145 Pa. 561.

*Thomas H. Hudson,* for appellee, cited: Smith's App., 23 Pa. 9; Mickley's App., 92 Pa. 514; Mayer v. Walker, 214 Pa. 440; Fahrney v. Holsinger, 65 Pa. 388; Hannon v. Fliedner, 216 Pa. 470; Drum v. Millar, 18 Pa. C. C. R. 318; Shearer v. Miller, 185 Pa. 149.

OPINION BY MR. JUSTICE ELKIN, May 22, 1912:

This in effect is an action for purchase money, and the right to recover depends upon whether the plaintiff took an indefeasible estate upon the death of her mother, under the will of her father. The clause of the will under which plaintiff claims title is as follows: "I give and bequeath to my wife, Margaret, one hundred acres of the home farm, with the house and stabling thereunto belonging during her lifetime, and after her death I desire the same shall belong to my daughter Isabella Church. Should my daughter Isabella not outlive her mother and leave no legal heirs, then the said one hundred acres of land is to belong to my son, John Church, subject to the conditions hereinafter stated. It is also my desire, my daughter, Isabella shall have a home and equal interest with her mother in the property set apart for the latter, during the lifetime of her mother." This is followed by conditions imposed upon his son John in event that he outlive his mother and sister and take

title under the will. After the death of the testator in 1883, his widow and the daughter Isabella took possession and lived together upon the home farm as directed by the will until the death of the widow in 1887; since that time Isabella has been in enjoyment and possession of the farm. She has agreed to sell and convey the property and the purchaser agrees to buy if she can convey the fee. The testator gave a life estate to his wife and upon her death an absolute estate in the first instance to his daughter Isabella. The question is whether that absolute estate is cut down by the subsequent provisions of the will. Appellant relies on the provision, "should my daughter Isabella not outlive her mother and leave no legal heirs, then the said one hundred acres of land is to belong to my son John Church," to sustain his contention that Isabella did not take an absolute estate upon the death of her mother. This depends upon what the testator meant by the words "not outlive her mother and leave no legal heirs." There can not be the slightest doubt that the testator used the words "legal heirs" in the sense of "issue of the body." This appears from the context and the manifest intention of the testator in providing for the different members of his family. When an absolute estate is followed by these words, they will be understood as referring to death without issue in the lifetime of the testator, if the devise is immediate; or during the continuance of the life estate, if it is not: Mayer v. Walker, 214 Pa. 440. In the case at bar the words "leave no legal heirs" are equivalent to "leave no lawful issue" and refer to the death of the daughter Isabella without issue during the life of his wife Margaret. The testator evidently contemplated that his daughter might die before his wife without lawful issue, in which event he made provision against a lapse by giving the farm to his son John. Isabella outlived her mother, and therefore the situation did not arise against which the testator made provision. We are of opinion that the testator intended his daughter to take

an absolute estate if she survived her mother, and only meant his son John to take if Isabella died before her mother without leaving lawful issue.

The learned court below gave the case thorough and exhaustive consideration and properly disposed of it.

Judgment affirmed.