# Patterson et al. *v.* Reed, Appellant.

*Wills—Devises of real estate—Residuary clause—"Dying without issue"—Act of July 9, 1897, P. L. 213—Conversion—Void gift—Reconversion.*

1. Under the Act of July 9, 1897, P. L. 213, which provides that the words "dying without issue" or words of similar import shall be construed to mean a definite and not an indefinite failure of issue, the rule is that where an absolute estate is followed by such words they will be construed as referring to death without issue in the lifetime of the testator, if the gift is immediate, or if not immediate, during the continuance of the life estate, and if the donee survives the testator, or the continuance of the intervening estate, his interest becomes absolute. If, however, he does not so survive, the limitation over takes effect as an executory devise.

2. Where a testator devises real estate to his wife and daughter for their lives with remainder to charities upon the death of the daughter without issue, and the remainder to the charities is void, the property thereby devised vests in the testator's heirs under the intestate laws, in the absence of a residuary clause devising real estate.

3. A testator devised real estate to his wife for life and at her death to his daughter Pearl "subject to the condition hereafter" that "if my daughter Pearl should die without leaving issue living, I direct that the real estate devised to my wife for life and in fee simple conditionally to her and after my wife's death shall be sold and the proceeds thereof I dispose of as follows," and there followed a direction to divide the proceeds between certain charities, which gifts were void because the will was not properly attested; there was a residuary clause bequeathing personal property to the daughter. The wife and daughter agreed to sell testator's real estate and defendant refused to complete the contract alleging that plaintiffs did not have a marketable title. In an action for the purchase-money, the court entered judgment for plaintiffs. *Held,* that the devise to the daughter was a vested remainder in fee, subject to the executory devise to the charities named in the event of her death without issue before her mother; that, as the gifts to the charities were void, the property so devised vested in the widow and daughter under the intestate laws; that the gifts to the widow and daughter made by testator merged with the interest given them under the intestate laws and that the court properly entered judgment for the plaintiffs.

4. As the direction to sell the realty was for the specific purpose of dividing the proceeds between the charities named, the reason for the conversion of the realty ceased on the failure of the gift and the property or its value passed to the heirs as real estate.

Argued Jan. 8, 1918.    Appeal, No. 2, Oct. T., 1918, by defendant, from judgment of C. P. Washington Co., Aug. T., 1917, No. 39, for plaintiffs, in case of Anna C. Patterson, Pearl Patterson Robb and Edmond E. Robb v. J. Winfield Reed.    Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a contract for the sale of real estate. Before MCILVAINE, P. J.

The opinion of the Supreme Court states the facts.

The parties submitted an agreed statement of facts.

The court entered judgment for the plaintiffs for $10,-000.    Defendant appealed.

*Error assigned* was the judgment of the court.

*James P. Eagleson,* for appellant.

*Rufus S. Marriner,* with him *J. A. Wiley* and *Wiley & Marriner,* for appellees.

OPINION BY MR. JUSTICE FRAZER, February 25, 1918:

Josiah M. Patterson died in 1916, leaving a will in which he devised his real estate, except tracts specifically named, to his wife for life and at her death to his daughter Pearl, "subject to the condition hereafter" which was that "if my daughter Pearl should die without leaving issue living, I direct that the real estate devised to my wife for life and in fee simple conditionally to her and after my wife's death shall be sold and the proceeds thereof I dispose of as follows." A direction followed to divide the proceeds equally between certain charities; the gift over, however, is void for the reason the will was not attested by two witnesses as required by the Act of April 26, 1855, P. L. 328, Sec. 11. Testator was survived by his wife, daughter and two grandchildren and after his death the widow and daughter entered into an agreement to sell to defendant a lot of ground situate in the seventh ward of the Borough of Washington, fronting 125 feet on Jefferson avenue and extending back on Oakland avenue 120 feet to Chartiers alley, having erected thereon a dwelling house occupied by decedent during his lifetime and being part of the realty included in the property given them under the provisions of the will quoted above. A deed for the property executed by the widow and her daughter, in which the latter's husband joined, and purporting to convey a title in fee simple, was tendered defendant, together with a deed by the daughter as executrix of her father's estate, made pursuant to an order of the Orphans' Court in proceedings brought under the revised Price Act of June 7, 1917, P. L. 388, for the purpose of barring the remainder of the charities. Defendant refused to accept these deeds contending they did not convey a marketable title, whereupon this action was

brought to recover the purchase-price. The parties agreed upon the facts in the form of a case stated, and the court below entered judgment for plaintiff, from which defendant appealed.

Under the Act of July 9, 1897, P. L. 213, which provides the words "die without issue" or words of similar import shall be construed to mean a definite and not an indefinite failure of issue, the rule is that where an absolute estate is followed by such words they will be construed as referring to death without issue in the lifetime of the testator if the gift is immediate, or, if not immediate, during the continuance of the life estate, and if the donee survives the testator, or the continuance of the intervening estate, his interest becomes absolute. If, however, he does not so survive, the limitation over takes effect as an executory devise: Mayer v. Walker, 214 Pa. 440; Church v. Baer, 236 Pa. 605. The devise to the daughter in this case was therefore a vested remainder in fee subject to the executory devise to the charities named in event of her death without issue before the determination of the life estate in her mother. The life estate not having terminated, the estate of the daughter would be subject to the executory devise over except for the fact that the latter devise is void. It is necessary therefore to determine only the effect of such invalidity.

Under the common law rule as applied in Pennsylvania, in absence of a contrary intent shown by the will, lapsed devises went to the heirs under the intestate law and not to residuary devisees named in the will, while lapsed or void legacies passed into the residue: Gray's Est., 147 Pa. 67; Wood's Est., 209 Pa. 16. The Act of June 4, 1879, P. L. 88, changed the rule as to devises so that since the passage of that act the rule is the same as that applicable to void or lapsed legacies. While the will in this case contains a residuary clause as to personalty, naming the daughter as residuary legatee, it contains no such clause as to realty unless the paragraph in which the devise is made should be given that effect. If

so, it is the residuary clause itself that contains the void gift, and in such case the invalidity would not serve to increase the gift of the other residuary legatees but it would go to the heirs at law: Gray's Est., 147 Pa. 67; Arnold's Est., 249 Pa. 348. Consequently the void residue in question goes to the heirs of testator at the time of his death to be divided among them in accordance with the intestate law, and as the widow and daughter were the sole heirs at the time testator died, the interest given them under the will merged with the interest they received under the intestate law, and they now have the entire title to the realty in question: Moore v. Deyo, 212 Pa. 102; Paxon's Est., 221 Pa. 98, and Arnold's Est., 249 Pa. 348.

In view of the clause leaving the residuary personal estate to the daughter, it is immaterial to a proper disposition of the case to determine whether the void gift was personalty or realty, as in either view the entire property vested in the widow and daughter and passes by their deed. As the direction to sell the realty was for the specific purpose of dividing the proceeds between the charities named, on the failure of the gift the reason for the conversion ceased and the property or its value would pass to the heirs as real estate: Muderspaugh's Est., 231 Pa. 376; Reed's Est., 237 Pa. 125.

The judgment is affirmed.