# Stark's Estate.

*Wills—Construction—Estate in fee simple—Gift to daughter—Death in lifetime of testator—Substitutionary gift.*

1. Where a testator gives the "absolute control" of all of his estate to his wife together with the profits and income thereof, subject to the comfortable living and support of his daughter, and in case of the death of the daughter in the wife's lifetime, then to the wife in fee simple, but if the daughter outlives the wife, then the absolute control of the property remaining at the death of the wife, to the daughter together with the profits and income thereof

as long as she lives, and at her death to her heirs is a gift in fee simple to the daughter, surviving the testator and his wife, and is not cut down by a subsequent clause of the will providing that in case the daughter "should die leaving no issue of her body living at her death," then the property shall vest in fee simple in other persons named.

2. Such latter clause is not a limitation or curtailment of the devise, but is simply alternative or substitutionary, and to take effect only on the death of the daughter in testator's lifetime.

Argued Feb. 24, 1919.   Appeal, No. 175, Jan. T., 1919, by Boyd M. Squier, from decree of O. C. Wyoming Co., Partition Docket, No. 1, page 283, dismissing petition for partition in Estate of Perry Stark.   Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and KEPHART, JJ.   Affirmed.

Petition of Boyd M. Squier, son of Harriet Stark Squier, deceased, for partition.

The case turned upon the construction of the will of Perry Stark, the material portion of which was as follows:

"Second:—I will, give, devise and bequeath to my wife, Alvira E. Stark, the absolute control of all my property, whatsoever, together with the profits, income and advantages thereof, subject only, however, to furnish therefrom unto my daughter, Georgianna, intermarried with David Winfield, a comfortable living and support.

"And in case of the death of my said daughter, Georgianna, before the death of my said wife, Alvira E., then and in that case I will and bequeath unto my said wife, Alvira E., the whole of my property, absolutely in fee simple; but if my said daughter, Georgianna, outlive my wife, Alvira E., then and in that case, I will and bequeath unto her, the said Georgianna, the absolute control of all my property, whatsoever remaining at the death of my said wife, together with the profits, income and advantages thereof, so long as she, my said daughter shall live, and at her death to her heirs, absolutely in fee simple.  And in case my said daughter, Georgianna, shall

die, leaving no issue of her body, living at her death, then and in that case, I will, devise and bequeath all my property then remaining, absolutely and in fee simple, unto Harriet Stark, intermarried with Oliver Squier, Henrietta Stark, intermarried with I. W. Billings, and Frances Stark, share and share alike."

Alvira E. Stark survived the testator and died September 27, 1903. Georgianna Winfield died on February 20, 1917, leaving a husband but no issue to survive her. In her lifetime she executed a deed to Frances Stark Hungerford of all her interest and estate that she had received by virtue of her father's will. The court dismissed the petition, holding that Georgianna took a fee in the estate, which by her deed passed to Frances Stark Hungerford.

*Error assigned* was the decree of the court.

*Charles L. Vanscotten,* with him *Edward B. Farr,* for appellant.

*Joseph Wood Piatt* and *J. E. Sickler,* for appellee, were not heard.

PER CURIAM, March 24, 1919:

The devise of Perry Stark to his daughter, Georgianna, was absolute, for she survived his wife. His provision that if she should die "leaving no issue of her body living at her death," then over to certain named persons, was not a limitation or curtailment of the devise, but simply alternative or substitutionary and to take effect only on the death of the daughter in his lifetime: Mickley's App., 92 Pa. 514; Morrison v. Truby, 145 Pa. 540; McAlpin's Est., 211 Pa. 26. The fee in the farm of the testator undoubtedly vested in the daughter, and the petition for its partition by one having no interest in it was properly dismissed.

Decree affirmed at appellant's costs.