## Williamson et al. v. Greene Improvement Company.

*Will—Devise—Gift to children—Death of devisee in testator's lifetime.*

1. When a bequest or devise is made to a person absolutely in the first instance, and it is provided that in the event of death, or death without.issue, another legatee or devisee shall be substituted to the bequest or devise so given, it will be construed to mean death, or death without issue, before the testator if the gift is immediate; and if the first taker survives the testator, he will take the devise or bequest absolutely.

2. The rule that the later of incompatible clauses in a will must prevail is never invoked except as a last resort when there is an utter repugnancy.

3. Where testatrix devises land immediately and absolutely to her four children, and then directs that "if any one of my children die without leaving a living child or more, the money or property that I gave him or her be returned and divided equally among my children and grandchildren then living without interest," the will will be construed as meaning the death of children in the lifetime of the testatrix.

Rule for judgment for want of sufficient affidavit of defence. C. P. Greene Co., March T., 1922, No. 59.

*A. H. Sayres* and *S. M. Williamson,* for plaintiffs.

*J. R. Scott* and *DeWitt Haber,* for defendant.

RAY, P. J., April 30, 1923.—This is an action of *assumpsit.* The plaintiffs are the surviving husband, and four surviving children and their spouses, of Margaret Everly, deceased, and the defendant is the Greene Improvement Company, a corporation. The plaintiffs seek to recover from the defendant company the sum of $13,672.81. Jan. 17, 1922, the plaintiffs filed their state-

ment in this case. Feb. 4, 1922, the defendant company filed its affidavit of defence. Jan. 29, 1923, the plaintiffs entered a rule on the defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defence. This rule is the pending matter before the court.

The plaintiffs, in the several paragraphs of their statement, declare in substance:

1. That they are respectively the surviving husband and the surviving children and heirs-at-law of Margaret Everly, deceased, and that they all reside in Whiteley Township, Greene County, Pa.

2. That Margaret Everly died testate May 1, 1919, having made her last will and testament in writing bearing date Feb. 21, 1919, and that since her death the same has been duly admitted to probate and remains of record in the Recorder's Office of the said County of Greene, in Will Book No. 14, page 322.

3. That the said Margaret Everly was the owner in fee, and died seized and possessed of, a certain tract of land, situate in said Whiteley Township, containing forty-five acres, more or less.

4. That by paragraphs 1, 2 and 4 of her said will the decedent devised as follows:

"1. I will and bequeath to my husband, Samuel L. Everly, during his lifetime, or as long as he remains my widower, the use of my property at Kirby, Pa., to live in, my household and kitchen furniture, and also my farm of 47 acres adjoining the aforesaid place.

"2. I will and bequeath at the death of my husband or his remarriage that the aforesaid property be sold and divided equally among my four children, Rosa Everly, Golda Mooney, Fred Everly and Texa Everly or their heirs and assigns.

"4. I will and bequeath all the Pittsburgh or river veins of coal that I own at my death to be divided equally among my four children, Rosa Everly, Golda Mooney, Fred Everly, Texa Everly and Samuel L. Everly, my husband, or their heirs and assigns.

"I hereby name and appoint my husband, Samuel L. Everly, and my daughter, Rosa Everly, as executors of this my last will and testament. I also direct that if any one of my children die without leaving a living child or more, that the money or property that I gave him or her be returned and divided equally among my children and grandchildren then living, without interest."

5. That Samuel L. Everly, surviving husband of the said Margaret Everly, deceased, by writing dated May 20, 1921, and recorded in the Recorder's Office of the said County of Greene, elected to take against the will of his said wife.

6. That the said plaintiffs, being all the children and surviving husband of the said decedent, and the only parties entitled under the said last will to share in the distribution of her estate, did, Jan. 6, 1921, make a written optional contract with E. D. Patterson for the sale of the coal of the Pittsburgh or river vein in and underlying the said forty-five-acre tract of land on certain terms and conditions therein embraced, together with certain mining rights and privileges also therein set out.

7. That the said optionee, Jan. 6, 1921, notified the optioners in writing of his election to take said coal on the terms named in said contract, which notice was duly accepted and the optional contract became absolute from said date, and on which said date the optioners received $500 acceptance money.

8. That the said Samuel L. Everly, Jan. 14, 1921, in writing under his hand and seal, assigned to E. D. Patterson, his heirs and assigns, "the within

option for ten dollars per acre, to be paid when first payment is made on the coal."

9. That the said E. D. Patterson, Jan. 14, 1921, in writing under his hand and seal, for value received, sold, assigned and transferred the within option to the Greene Improvement Company, the defendant.

10. That the plaintiffs executed a deed of conveyance for said coal and mining rights according to the terms of the said contract of sale, and tendered the same to the defendant company, together with an abstract showing a good and marketable title thereto, and demanded payment of the balance of the purchase money.

11. That no part of said sum of $13,672.81, or interest thereon from Jan. 6, 1921, has been paid by the defendant company or by any one for it.

12. That there is due, unpaid and owing on the said contract by the defendant company to the said Samuel L. Everly, surviving husband of the decedent, $4557.60, with interest thereon from July 6, 1921.

13. That there is due, unpaid and owing on the said contract to the other plaintiffs in this case the sum of $9115.21, together with interest thereon from Jan. 6, 1921.

In the affidavit of defence filed, the defendant company admits the truth of the statements contained in paragraphs 1, 2, 3, 4, 5, 7, 8 and 9 of the statement of claim, but avers it has a just, true and legal defence to the whole of plaintiffs' claim.

In reply to paragraph 6 of the statement, the defendant "denies that the plaintiffs, being all the children of Margaret Everly, deceased, together with Samuel L. Everly, surviving husband of said decedent, are all and the only parties entitled under the will of said Margaret Everly, deceased, to share in the distribution of decedent's estate, as will become apparent upon inspection of said will of Margaret Everly."

In reply to paragraph 10 of the statement, the defendant "denies that said abstract shows that said coal and mining rights are good and marketable, and avers that the defendant declined and refused to accept the deed tendered, on the ground and for the reason alleged by it that the title to said coal and mining rights to be conveyed by said deed of conveyance was not good and marketable. The defendant denies that said optioners fully performed their part of said contract of sale, in that they refused to cause said conveyance of said coal and mining rights to be made to defendant by proper proceedings in the Orphans' Court of Greene County, Pa., although defendant frequently requested them, and still requests them so to do."

Answering paragraph 11 of the statement, the defendant denies that no part of the purchase money and interest thereon has been paid, and "avers that the sum of $500 was paid plaintiffs—acceptance money—as becomes apparent by examination of plaintiffs' statement of claim."

Answering paragraph 12 of the statement, the defendant, in paragraph 14 of its affidavit of defence, "denies indebtedness to Samuel L. Everly in the sum of $4557.60, together with interest thereon."

Answering paragraph 13 of the statement, the defendant, in paragraph 15 of its affidavit of defence, denies that there is due the plaintiffs $13,672.81 and interest thereon, and denies that it owes the plaintiffs anything on the said contract, and avers that, unless plaintiffs cause conveyance of said coal and mining rights to it by virtue of a decree of the Orphans' Court, there will be due to the defendant from the plaintiff the said sum of $500, together with interest thereon from Jan. 6, 1921, for which sum they ask that judgment be entered against the plaintiffs.

4 D. & C.

Williamson et al. *v.* Greene Improvement Company.

In paragraph 12 of the affidavit of defence the defendant avers that by written contract for the sale of said coal, "it is provided that the said plaintiffs shall sell and convey said coal and mining rights in fee by general warranty deed and clear of encumbrances."

In paragraph 13 of the affidavit of defence, the defendant avers that the plaintiffs' title to said coal and mining rights is derived from the will of Margaret Everly, deceased, and that, under the said will, the plaintiffs are not possessed with fee simple title thereto, and clear of encumbrances, because of the direction of the testatrix "that if any one of my children die without leaving a living child or more, that the money or property I gave him or her be returned and divided equally among my children and granchildren then living, without interest."

The facts in this case give rise to but a single question for determination. That question is this: Does the will of Margaret Everly, deceased, pass the title in fee to the coal in question to her four children? If it does, the rule to show cause should be made absolute and judgment entered in favor of the plaintiffs and against the defendant for the amount claimed by the plaintiffs in the statement filed, together with interest thereon from Jan. 6, 1921. The language of the testatrix giving rise to the question at issue is found in the concluding paragraph of her will and reads as follows: "I also direct that if any one of my children die without leaving a living child or more, that the money or property that I gave to him or her be returned and divided equally among my children and grandchildren then living, without interest." By the elimination of these words from the will of the testatrix, her intent as to the disposition of her estate, gathered from its four corners, would have been clear and unquestioned. Taking into consideration her entire will as bearing upon her aim, purpose and intent as to the disposition of the vein of coal in question, can that intent be fairly determined? If so, then that intent must prevail. At the time of making her will one of her children was married, and the other three have married since her death. None of them have had or now have children. In item one of her will she gives to her husband, during his lifetime or as long as he remains her widower, the use of her property at Kirby, Pa., to live in, her household and kitchen furniture and her farm of forty-seven acres adjoining.

In the second item she directs that, at the death of her husband or his remarriage, the property mentioned in item one shall be sold and divided equally among her four children, naming them, or their heirs and assigns. In the third item she directs that, three years after her death, all the money she has left, after payment of debts, funeral expenses and other expenses, shall be divided among her four children, naming them, or their heirs and assigns. In the fourth item she wills and bequeaths that all the Pittsburgh or river vein of coal that she owns at her death shall be divided equally among her four children, naming them, and "Samuel L. Everly, my husband, or their heirs and assigns."

Two things are plainly evident from the language used by the testatrix in these four items of her will: (1) That it was her desire, purpose and intent to vest her entire estate, both real and personal, subject to the provisions therein made for her husband, share and share alike, in her four children, the primary objects of her bounty; (2) that her said four children and her husband, in case he survived her, should become vested with as full and complete a title to the vein of coal in question as she should have thereto at her death. Has the testatrix defeated these evident intentions by the last sentence in the concluding paragraph of her will, "I also direct that if any one

of my children die without leaving a living child or more, that the money or property that I gave to him or her be returned and divided equally among my children and grandchildren then living, without interest." If she has thereby defeated her evident intent, as expressed in the four paragraphs of her will to which we have referred, as strenuously argued by the defendant, then it follows that the ultimate objects of her bounty could not be ascertained until the death of the last survivor of her four children, which will, of course, eventually occur, but possibly, and even probably, not for fifty years. The whole tenor of her will, gathered from its four corners, in our opinion, negatives any such idea, thought, intention or purpose on the part of the testatrix. She aimed at equality as between her children, and her purpose was that they should come into the enjoyment of their several interests in her estate soon after her decease. Her evident purpose, gathered from the wording of her will, was to vest in her children an estate in fee, and not either for life, or in remainder, or to create an estate tail.

True, there are certain recognized canons applicable to the construction and interpretation of wills. But it is held in the recent case of Porter *v.* Bryant, 273 Pa. 435, Moschzisker, C. J., delivering the opinion of the court, that "No decision construing a will rules the construction of a subsequent will." Where the intention of the testator is reasonably clear, as it seems to be in the case at bar, artificial rules of construction have no place in determining the testator's intention: Alburger's Estate, No. 2, 274 Pa. 15. In our opinion, the testatrix, by the words "if any one of my children die without leaving a living child or more," did not contemplate the time when all her children should be dead, but the possible death of one or more of her children without leaving a living child or more prior to the death of the testatrix herself. When a bequest or devise is made to a person, absolute in the first instance, and it is provided that, in the event of death or death without issue, another legatee or devisee shall be substituted to the bequest or devise so given, it will be construed to mean death, or death without issue, before the testator, if the gift is immediate; and if the first taker survives the testator, he will take the devise or bequest absolutely: Caldwell *v.* Skilton, 13 Pa. 152; Green's Estate, 140 Pa. 253; Harrison *v.* Truby, 15 Pa. 540; Coles *v.* Ayers, 156 Pa. 197; Mitchell *v.* Railway Co., 165 Pa. 645; Mayer *v.* Walker, 214 Pa. 440; Hannon *v.* Fliedner, 216 Pa. 470; Neubert *v.* Colwell, 219 Pa. 248; Ault *v.* Karch, 220 Pa. 366.

In Hollinshead's Estate, 273 Pa. 573, the syllabus, in part, reads:

"1. In construing a will, the actual personal intent of testator must govern, and this must be ascertained by a consideration of the will as a whole.

"3. A construction which gives effect to the several provisions of a will should always be followed, if possible.

"4. The rule that the later of incompatible clauses in a will must prevail is never invoked except as a last resort, when there is an utter repugnancy."

In Stark's Estate, 264 Pa. 232, it is held:

"Where a testator gives the 'absolute control' of all of his estate to his wife, together with the profits and income thereof, subject to the comfortable living and support of his daughter, and in case of the death of the daughter in the wife's lifetime, then to the wife in fee simple, but if the daughter outlives the wife, then the absolute control of the property remaining at the death of the wife to the daughter, together with the profits and income thereof as long as she lives, and at her death to her heirs, is a gift in fee simple to the daughter surviving the testator and his wife, and is not cut down by a subsequent clause of the will providing that in case the daughter 'should die leaving

no issue of her body living at her death,' then the property shall vest in fee simple in other persons named.

"Such latter clause is not a limitation or curtailment of the devise, but is simply alternative or substitutionary, and to take effect only on the death of the daughter in testator's lifetime."

In the case at bar there was no preceding life estate created in the coal in controversy. It was devised immediately and absolutely, in the first instance, by the fourth paragraph of testatrix's will, to her four children, and they having survived the testatrix, their interest in the said coal became absolute: Patterson v. Reed, 260 Pa. 319; Shornhorst v. Jacob, 272 Pa. 223.

In view of the facts of this case as we have found them, and for the reasons stated in the foregoing opinion, the affidavit of defence is adjudged to be insufficient to prevent judgment, and the rule, therefore, to show cause will be made absolute.

And now, April 30, 1923, this matter having come on to be heard, and having been argued by counsel, after due consideration, the rule to show cause is made absolute; judgment to be entered on præcipe of counsel for plaintiffs for the sum claimed in the statement filed, together with interest thereon from Jan. 6, 1921.